

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00180-CR
_____

JOHN EDWARD FORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 72nd District Court
Crosby County, Texas
Trial Court No. 2011-3250; Honorable Ruben G. Reyes, Presiding

August 19, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, John Edward Ford, was convicted by a jury of the offense of continuous sexual assault of a child[1] and sentenced to confinement for life. In a single issue, Appellant contends his counsel was ineffective. We affirm.

---

[1]See TEXAS PENAL CODE ANN. § 21.02 (WEST SUPP. 2012).

## BACKGROUND

In May 2011, Appellant was indicted for committing two or more acts of sexual abuse against A.R.,[2] over a period that was more than thirty days in duration, by intentionally or knowingly causing the penetration of the victim's sexual organ by Appellant's sexual organ, and the victim was a child who was younger than fourteen years of age at the time of each act of sexual abuse.

In April 2012, a three-day jury trial was held. A.R.'s mother testified that, in April 2011, the victim made an outcry to her describing various acts of sexual abuse performed against the victim by Appellant, beginning in December 2010 and continuing until a week before the outcry. A.R., twelve at the time of trial, testified in detail to various acts of sexual abuse performed against her by Appellant. Her testimony was corroborated by her half-sister who witnessed one of those sexual acts. The sexual abuse involved penetration of A.R.'s sexual organ by Appellant's sexual organ.

Patricia Salazar, a SANE nurse, examined A.R. shortly after her outcry. Salazar opined that A.R. had suffered a traumatic penetrating injury and that injury was consistent with her account of sexual abuse. Salazar also testified that A.R.'s detailed description of the manner in which she was sexually abused lent credibility to her account.

---

[2]To protect the child-victim's privacy, we refer to her by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (WEST SUPP. 2012). *See also* TEX. R. APP. P. 9.8(b).

At the trial's conclusion, the jury found Appellant guilty and sentenced him to confinement for life. The trial court subsequently issued its judgment and this appeal followed.

## DISCUSSION

Appellant asserts his counsel was ineffective for failing to object to (1) improper questioning during the State's examination of A.R.'s mother, (2) arguments by the State during closing that bolstered the testimony of A.R. and her half-sister, and (3) references in the State's closing argument to matters outside the record.

We examine an ineffective assistance of counsel claim by the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). Under *Strickland,* Appellant has the burden of establishing by a preponderance of evidence that (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. *See Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* In conducting a deficient performance review, counsel's conduct is to be viewed with great deference, *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005), bearing in mind that there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson*, 9 S.W.3d at 813. Consequently, any allegation of ineffectiveness must be firmly founded in the

record and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson,* 9 S.W.3d at 812.

In the usual case in which an ineffective assistance claim is made, "the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). This is so because a silent record provides no explanation for counsel's actions and therefore will not overcome the strong presumption of reasonable assistance. *Freeman v. State,* 125 S.W.3d 505, 506 (Tex.Crim.App. 2003). The proper procedure for raising a claim of ineffective assistance is almost always a *habeas corpus* proceeding. *Aldrich v. State*, 104 S.W.3d 890, 896 (Tex.Crim.App. 2003).

This case demonstrates the inadequacies inherent in evaluating such claims on direct appeal. *See Patterson v. State,* 46 S.W.3d 294, 306 (Tex.App.—Fort Worth 2001, pet. ref'd). Like *Patterson,* Appellant did not claim ineffective assistance of counsel in any motion for a new trial and the trial court did not hold a hearing to determine whether Appellant's complaints involved actions that may or may not have been grounded in sound trial strategy. Courts "commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State,* 159 S.W.3d 98, 101 (Tex.Crim.App. 2005).

Here, the record is silent as to whether trial counsel's failure to object at trial was a matter of trial strategy, and if so, whether the strategy was sound. Thus, to find Appellant's counsel ineffective, we would have to engage in prohibited speculation. *See Lopez v. State,* 343 S.W.3d 137, 143-44 (Tex.Crim.App. 2011) (ineffectiveness not demonstrated on direct appeal where there is no record evidence of counsel's reasons for not objecting to opinion testimony by a State witness concerning the credibility of another witness); *Kuhn v. State,* 393 S.W.3d 519, 539 (Tex.App.—Austin 2013, no pet. h.) (ineffectiveness not demonstrated on direct appeal where there is no record evidence of counsel's reasons for not objecting to the State's improper jury argument). Absent evidence of counsel's strategy, we cannot denounce his actions as ineffective nor can we determine there is a reasonable probability that the outcome would have been different. For this reason, Appellant has not met either prong of the *Strickland* test.

Alternatively, even assuming the representation of Appellant's attorney fell below the prevailing professional norms, given A.R.'s testimony coupled with the results of her SANE examination and the corroborative testimony by her half-sister and mother, we cannot find there is a reasonable probability the outcome would have been different even if Appellant's attorney had objected. *See Ex parte Martinez,* 330 S.W.3d 891, 904 (Tex.Crim.App. 2011), *cert. denied,* ___ U.S. ___, 131 S.Ct. 3073, 180 L.Ed.2d 896 (2011) ("It is unlikely, in the face of all the evidence with which the jury was presented, that the jury would have reached a different conclusion . . . and so we need not address the first prong of *Strickland.*") Accordingly, Appellant's sole issue is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.